**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THOMAS J. ALLEN,** | : |
| | : |
| Petitioner, | : CIVIL NO. 3:CV-05-1488 |
| | : |
| vs. | : (CHIEF JUDGE VANASKIE) |
| | : |
| **JOSEPH P. NISH,** | : |
| | : |
| Respondent. | : |

**M E M O R A N D U M**

**I.   INTRODUCTION**

Thomas J. Allen is an inmate currently confined at the State Correctional Institution at Waymart, Pennsylvania.  He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 27, 2005.  The required filing fee has been paid.  Allen challenges his August 1998 conviction in the Lackawanna County Court of Common Pleas on three counts of arson, which resulted in an aggregate term of imprisonment of 7½ to 15 years.[1]

On February 6, 2006, the Court sua sponte raised the issue of whether the statute of

---

[1] On November 7, 2005, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued an order and notice advising Allen that he could either have the Court rule on the petition as filed or withdraw it so that he could file one, all inclusive petition within the one-year limit for filing such a petition. (Dkt Entry 4.)  Allen was instructed that failure make an election would result in the petition being ruled upon as filed.  Because the Court did not receive any notification from Allen, the Court considers the petition as filed.

limitations barred consideration of the petition. See United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005). Service of the petition was directed, and the parties were provided with an opportunity to address the issue of timeliness of the petition. (Dkt. Entry 5.) Respondent submitted his response and supporting exhibits regarding this issue on March 1, 2006. (Dkt. Entries 12.) Allen has not submitted a reply.

## II.  BACKGROUND

On August 5, 1998, Allen was sentenced to three consecutive terms of 30 to 60 months following a guilty plea on three counts of arson in the Lackawanna County Court of Common Pleas. He filed no direct appeal from his convictions and aggregate sentence of 7½ to 15 years. He did, however, file a "Post-Conviction Collateral Relief Motion" with the sentencing court seeking reconsideration of his sentence. The motion was denied on September 10, 1998, without prejudice to Allen proceeding under the Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. §§ 9541-9546. (Dkt. Entry 1, Ex. C.)

Nearly two years later, on June 9, 2000, Allen filed a PCRA petition in state court. A hearing was held in the Lackawanna County Court of Common Pleas on July 5, 2001. (Dkt. Entry 12, Response at 46 - 100, Transcript of Hearing.) The PCRA petition was denied the following day. (Dkt. Entry 1, Ex. D.) On or about September 25, 2002, fourteen (14) months following the denial of the PCRA petition, Allen filed an appeal to the Pennsylvania Superior

Court. On December 2, 2002, the appeal was quashed as untimely. (Dkt. Entry 1, Ex. E, 12/2/02 Order of Pa. Super. Ct.) Allen thereafter waited until January 30, 2004, to pursue a petition for allowance of appeal with the Pennsylvania Supreme Court. On February 27, 2004, he received a "Notice of Inactive Matter Closure" letter from the Supreme Court, advising him that the proceeding had been marked closed due to his failure to file a timely appeal. (Id., Ex. F.) Allen was further advised that the only way the matter could be appealed was for him to file a "Petition for Allowance of Appeal Nunc Pro Tunc." This avenue of relief was never pursued by Allen.

The record does reveal that at some point subsequent to the above events, Allen filed a document entitled "Motion for Judgment on the Pleadings" in the Commonwealth Court of Pennsylvania. On May 7, 2004, the Commonwealth Court transferred the matter to the Supreme Court of Pennsylvania. (Dkt. Entry 1, Ex. G, 5/7/04 Commw. Ct. Order.) On June 10, 2004, the Pennsylvania Supreme Court issued a "Defective Notice," advising Allen that his petition did not comply with Pennsylvania Rules of Appellate Procedure and could not be accepted for filing. (Id., 6/10/04 Pa. Sup. Ct. Notice.) Allen was afforded twenty (20) days within which to perfect his appeal by submitting the proper forms and the required filing fee. It appears that Allen did thereafter follow the required procedures, and the matter was placed on the Miscellaneous Docket of the Pennsylvania Supreme Court. On September 2, 2004, Allen's

Application for Motion for Judgment on the Pleadings, being treated as a Petition for Writ of Mandamus, was denied without opinion.

Allen filed the instant petition for a writ of habeas corpus on July 27, 2005. In the petition he raises the following grounds: (1) ineffective assistance of trial counsel in failing to explain any defense, investigate medically induced condition, explain sentence, present evidence affecting sentence, object to sentence as violating Double Jeopardy, and failing to protect appeal rights; (2) unlawfully induced guilty plea; (3) double jeopardy violation by imposing multiple sentences consecutively; and (4) unavailability of favorable evidence at time of sentencing (due to trial counsel's failures).

## III.  DISCUSSION

Respondent seeks to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244. A one-year limitations period governs a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the date on which the judgment became final by the issuance of a final decision on direct appeal, or by the expiration of the time period for seeking such review. 28 U.S.C. § 2244(d)(1)(A); see Morris v. Horn, 187 F.3d 333, 337, n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

Allen did not file a direct appeal from his conviction. As such, the limitations period for filing a habeas corpus petition commenced when the time for filing a direct appeal to the

Pennsylvania Superior Court expired, i.e., thirty (30) days after August 6, 1998, the date on which Allen was sentenced. See 42 Pa. C.S. § 9545(b)(3); Pa. R. App. P. 903. Accordingly, the limitations period commenced on or about September 5, 1998, and Allen had until September 5, 1999, to file his § 2254 petition. The instant petition was not filed until July 27, 2005.

The only way the instant petition can be deemed timely is if Allen is entitled to statutory or equitable tolling of the limitations period. Section 2244(d)(1)(B) provides that the limitations period is tolled during the pendency of an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States ..., if the applicant was prevented from filing by such State action." Allen has not presented any basis for applying this tolling provision.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." (Emphasis added.) Only a "properly filed" application for state post-conviction relief tolls the limitations period under § 2244(d)(2). In the instant case, there is no question that Allen failed to seek collateral review under state law until well after the limitations period in § 2244(d)(1) had expired. A PCRA petition was not filed until June of 2000, nearly one year after the habeas limitations period closed the door to federal court review of Allen's conviction and sentence.

Equitable tolling of the limitations period is available "only when the principle of equity would make the rigid application of a limitation period unfair." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). The Third Circuit Court of Appeals has recently confirmed that only in "extraordinary" and "rare" circumstances may the one year filing period be equitably tolled. Satterfield v. Johnson, 434 F.3d 185 (3d Cir. 2006); Lacava v. Kyler, 398 F.3d 271 (3d Cir. 2005). As the Court in Lacava held, to invoke the doctrine, a petitioner must show that:

> the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims.

Id. at 275-76 (internal citations omitted). There has been no showing by Allen in this case that he diligently pursued his rights and that some extraordinary circumstance stood in his way. In fact, the record demonstrates the contrary. Allen not only filed his PCRA out of time, but continued to demonstrate a history of dilatoriness. Following the trial court's denial of his PCRA petition, Allen waited over a year to file an appeal to the Pennsylvania Superior Court. After the Superior Court quashed his appeal as untimely, he again waited over one year to seek review in the Pennsylvania Supreme Court. When the Supreme Court issued the "Notice of Inactive Matter Closure" based on the untimely filing of his appeal, Allen then waited almost another year and a half to file the instant federal habeas petition.

Accordingly, the petition for writ of habeas corpus will be dismissed as untimely. An appropriate Order follows.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**THOMAS J. ALLEN,**                              :
                                                  :
    **Petitioner,**                         :   **CIVIL NO. 3:CV-05-1488**
                                                  :
    **vs.**                                 :   **(CHIEF JUDGE VANASKIE)**
                                                  :
**JOSEPH P. NISH, et al.,**                       :
                                                  :
    **Respondents.**                        :

## O R D E R

    **NOW, THIS 6th DAY OF APRIL, 2006,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

    1.    The petition for writ of habeas corpus is **dismissed**.

    2.    The Clerk of Court is directed to mark this matter **closed**.

    3.    There is no basis for the issuance of a certificate of appealability in this matter.

    **s/ Thomas I. Vanaskie**
    Thomas I. Vanaskie, Chief Judge
    Middle District of Pennsylvania